**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
AKRON DIVISION**

| | |
|---|---|
| ALEXANDRA JOHNS, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. **5:22-cv-00747** |
| ) | |
| – vs – ) | |
| ) | Demand for Jury Trial |
| FORTIVA FINANCIAL, LLC., ) | |
| ) | |
| Defendant. ) | |
| ) | |

**COMPLAINT AND JURY TRIAL DEMAND**

Plaintiff, ALEXANDRA JOHNS ("Plaintiff"), through her undersigned attorney, hereby alleges the following against Defendant, Fortiva Financial, LLC ("Defendant"):

**Nature of the Action**

1. This is an action for damages brought by an individual consumer for Defendant's violations of the Telephone Consumer Protection Act 47 U.S.C. §227, *et seq.* (hereinafter "TCPA"), which prohibits the use of automated dialing equipment when making calls to consumers, violation of the Fair Debt Collection Practices Act 15 U.S.C. § 1692, *et seq.* (hereinafter "FDCPA") which prohibits abusive collection practices, and for Invasion of Privacy – Intrusion upon Seclusion, as derived from §652B of the Restatement (Second) of Torts. §652B prohibits an intentional intrusion, "physically or otherwise, upon the solitude or seclusion of another…that would be highly offensive to a reasonable person.

2. The TCPA was legislated to prevent companies like Fortiva Financial, LLC from invading Americans' privacy by curtailing abusive "robo-calls." The legislative history "described

these calls as 'the scourge of modern civilization, they wake us up in the morning; they interrupt our dinner at night; they force the sick and elderly out of bed; they hound us until we want to rip the telephone out of the wall.' 137 Cong. Rec. 30, 821 (1991). Senator Hollings presumably intended to give telephone subscribers another option: telling the autodialers to simply stop calling." Osorio v. State Farm Bank, F.S.B., 746 F.3d 1242, 1255-56 (11th Cir. 2014).

3. The FDCPA was designed to prevent the abusive and deceptive collection practices by debt collectors. The purpose of the FDCPA was to eliminate abusive debt collection practices by debt collectors. 15 U.S.C. § 1692. The FDCPA regulates the behavior of "debt collectors" (including collection agencies, collection attorneys, and debt buyers) when attempting to collect a consumer debt. Congress found "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors" which "contribute to a number of personal bankruptcies, marital instability, loss of jobs, and invasions of individual privacy." 15 U.S.C. § 1692(a).

4. Plaintiff brings this action against Defendant for its abusive and outrageous conduct in connection with debt collection activity, as Defendant contacted Plaintiff over 43 times after receiving a notice of attorney representation, all sent through certified mail.

**Parties**

5. Plaintiff is a natural person residing, in the town of Perrysville, Ashland County, Ohio, and is *sui juris*.

6. Plaintiff is allegedly obligated to pay a debt and is a consumer, as defined by 15 U.S.C. § 1692a(3).

7. Defendant, Fortiva Financial, LLC ("Fortiva") is a consumer finance institution who served as collection and servicing agent for a debt allegedly owed to The Bank of Missouri.

Fortiva's corporate headquarters is located at 5 Concourse Parkway, Suite 300, Atlanta, GA 30328-6101.

8. Defendant acted though its agents, employees, officers, members, directors, corporate affiliates, heirs, successors, assignees, principals, trustees, sureties, subrogees, representatives and insurers.

## Jurisdiction and Venue

9. Jurisdiction of this Court arises under 28 U.S.C. § 1331, 47 U.S.C. §227(b)(3) and 15 U.S.C. § 1692k(d), See, Mims v. Arrow Financial Services, LLC, 565 U.S. 368 (2012), holding that federal and state courts have concurrent jurisdiction over private suits arising under the TCPA.

10. Because Defendant conducts business in Ohio, this honorable Court has personal jurisdiction over the Defendant.

11. Venue is proper in the United States District Court for Northern District of Ohio pursuant to 28 U.S.C § 1391(b)(2) because Plaintiff resides within this district and a substantial part of the events or omissions giving rise to the herein claims occurred within this district.

## Factual Allegations

12. Defendant placed collection calls to Plaintiff seeking and attempting to collect on a disputed credit card debt.

13. Plaintiff is the "called party." See Breslow v. Wells Fargo Bank, N.A., 755 F.3d 1265 (11th Cir. 2014).

14. Defendant placed collection calls to Plaintiff's cellular telephone at phone number (419) XXX-7052.

15. Defendant placed collection calls to Plaintiff from its many telephone numbers including, but not limited to, (855) 922-0774.

16. Upon information and belief, based on the volume, frequency and timing of the calls, Defendant's calls were placed with an automatic telephone dialing system.

17. Defendant used an "automatic telephone dialing system," as defined by 47 U.S.C. § 227(a)(1), to place telephone calls to Plaintiff seeking to collect a consumer debt allegedly owed by Plaintiff.

18. Defendant's calls were not for emergency purposes, which would be excepted from liability by 47 U.S.C. § 227(b)(1)(A).

19. Defendant's calls were placed to a telephone number assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls pursuant to 47 U.S.C. §227(b)(1).

20. Defendant never received Plaintiff's "prior express consent" to receive calls using an automatic telephone dialing system or an artificial or prerecorded voice on her cellular telephone pursuant to 47 U.S.C. § 227(b)(1)(A).

21. On September 8, 2021, Plaintiff sent Defendant a letter dated 9/7/2021, through US first class mail with certified delivery, identifying herself with her full name and address, last 4 digits of social security number, full cell phone number and full account number. Such revocation letter was received by Defendant at its published address on September 14, 2021.

22. In her letter to Defendant, Plaintiff indicated she was represented by Recovery Law Group, APC with regards to the account Defendant was trying to collect, provided Defendant her attorney's telephone number, and requested Defendant stop calling her cellular phone.

23. As of September 14, 2021, Plaintiff revoked any consent, explicit, implied, or otherwise, that Defendant could have to call her cellular telephone using an automatic telephone dialing system.

24. Despite Plaintiff's request to cease, Defendant continued to place calls to Plaintiff's cellular phone using an automatic telephone dialing system and a prerecorded voice after September 14, 2021.

25. Despite Plaintiff's request Defendant cease placing automated collection calls to Plaintiff, Defendant continued to place at least forty-three (43) telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system.

26. Defendant diligently continued to call Plaintiff's cell phone multiple times each day.

27. Defendant would use an automatic dialing machine when placing the calls to Plaintiff.

28. Defendant would use a pre-recorded voice when calling Defendant.

29. Defendant's autodialing machine contains the capacity to randomly and sequentially generate and dial numbers.

30. Plaintiff was contacted repeatedly regarding non-payment of the debt owed to Defendant despite Defendant being notified that Plaintiff had retained counsel to deal specifically with the debt owed to Defendant.

31. Defendant's calls were frequent in nature and continued despite receiving written notice that Plaintiff was represented by an attorney and that all calls to Plaintiff's cellular phone were to stop.

32. Defendant placed the great number of telephone calls to Plaintiff with the sole intention of harassing Plaintiff in such a manner as to cause Plaintiff to pay the alleged debt claimed by Defendant, even when Plaintiff admittedly had impaired ability to pay the disputed debt. This telephonic harassment caused Plaintiff considerable anxiety and emotional distress.

33. Plaintiff's alleged debt with Defendant arises from a transaction for personal, family, and household purposes.

## FIRST CAUSE OF ACTION- KNOWING AND/OR WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT - 47 U.S.C. § 227(b)(3)(C)

34. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-33.

35. The above listed acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above cited provisions of 47 U.S.C. § 227 *et seq.*

36. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227 *et seq.*, Plaintiff is entitled an award of one thousand five hundred dollars ($1,500.00) in statutory damages for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

37. Plaintiff is also entitled to injunctive relief prohibiting such conduct in the future.

**WHEREFORE**, Plaintiff, ALEXANDRA JOHNS, respectfully requests judgment be entered against Defendant, Fortiva Financial, LLC as follows:

a. Awarding Plaintiff statutory damages statutory damages of one thousand five hundred dollars ($1,500.00) multiplied by the number of knowing and/or willful violations of TCPA alleged herein, to wit: forty-three (43) for a total of sixty-four thousand five hundred dollars ($64,500.00);

b. Awarding Plaintiff actual damages and compensatory damages according to proof at time of trial;

c. Granting Plaintiff such other and further relief as may be just and proper.

## SECOND CAUSE OF ACTION- VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT - 15 U.S.C. § 1692c(a)(2)

38. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-33.

39. Fortiva was informed on that Plaintiff was represented by an attorney with respect to Plaintiff's account.

40. Fortiva continued to contact Plaintiff for at least four months after being informed that he had retained an attorney.

41. Plaintiff's attorney did not consent to Fortiva continuing to contact Plaintiff.

42. Fortiva contacted Plaintiff in connection with collecting on the debt despite knowing that Plaintiff was represented by Counsel and that counsel instructed Fortiva specifically not to contact Plaintiff.

43. Fortiva contacted Plaintiff over 43 times through unauthorized phone calls placed to Plaintiff's cellular telephone and collection letters sent to Plaintiff, demanding that payment be made on the account.

44. This contact was done despite Fortiva being aware, as it was informed in writing on two separate occasions, that Plaintiff was represented by counsel.

45. The letter of representation received by Fortiva specifically contained instructions that Fortiva was not authorized to continue contacting Plaintiff, as Plaintiff was represented by counsel with respect to the Fortiva account.

46. Fortiva's conduct was in violation of 11 U.S.C. § 1692c(a)(2).

**WHEREFORE**, Plaintiff, ALEXANDRA JOHNS, respectfully requests judgment be entered against Defendant, Fortiva Financial, LLC as follows:

    **a.** An award of statutory damages of $1,000 pursuant to 15 U.S.C. § 1692k.

    **b.** An award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. §1692(k).

## THIRD CAUSE OF ACTION - DEFENDANT INTRUDED UPON PLAINTIFF'S SECLUSION CAUSING ACTUAL DAMAGES

47. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-33.

48. The Restatement of the Law, Second, Torts §652B defines intrusion upon seclusion as, "[o]ne who intentionally intrudes…upon the solitude or seclusion of another, or his private affairs or concerns, is subject to liability to the other for invasion of privacy, if the intrusion would be highly offensive to a reasonable person."

49. According to findings by the FCC, the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient.

50. Defendant intentionally interfered, physically or otherwise, with the solitude and seclusion of Plaintiff, namely by engaging in unlawful and intrusive communications.

51. Defendant intentionally caused harm to Plaintiff's emotional well-being by engaging in highly offensive conduct in collecting its debt, and thereby invaded and intruded upon Plaintiff's rights to privacy.

52. Plaintiff has a reasonable expectation of privacy in her solitude, seclusion, and/or private concerns and affairs.

53. These intrusions and invasions against Plaintiff by Defendant occurred in a way that would be highly offensive to a reasonable person in that position.

54. Defendant received notice stating that it was no longer to contact Plaintiff, as she was represented by counsel, and revoked her consent to be contacted on her cellular telephone.

55. As a result of such invasions of privacy, Plaintiff is entitled to actual damages from Defendant in an amount to be determined at trial.

## JURY TRIAL DEMAND

40. Plaintiff demands a jury trial on all issues so triable.

RESPECTFULLY SUBMITTED,

Dated, May 9, 2022

By: */s/ Desirae Bedford*
Desirae Bedford
RECOVERY LAW GROUP, APC
55 E. Monroe Street, Suite 3800
Chicago, IL 60603
847-250-1167 (tel.)
872-250-9797 (fax)
dbedford@recoverylawgroup.com

*Attorney for Plaintiff, ALEXANDRA JOHNS*